# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOUCINDA K. FRENCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-08-369-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Loucinda Kaye French requests review of the Commissioner of the Social Security Administration's denial of benefits pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining that she was not disabled. As discussed below, the Commissioner's decision is REVERSED and the case is REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was born on September 1, 1968, and was thirty-nine years old at the time of the administrative hearing (Tr. 59). She has a GED and vocational training as a cosmetologist (Tr. 69, 541) and has worked in fast foods as a manager and crewmember and as a housekeeper (Tr. 66, 526). The claimant alleges inability to work since July 8, 2004 due to fibromyalgia, high blood pressure, and problems with her thyroid (Tr. 65).

### Procedural History

The claimant applied on May 23, 2005 for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. ALJ Deborah Rose held an administrative hearing and determined the claimant was not disabled in a written opinion dated January 24, 2008. The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made her decision at step four of the sequential evaluation. She found that the claimant's severe impairments of fibromyalgia, dextroscoliosis, degenerative disc disease and kidney stones did not prevent her from performing the full range of light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), *i. e.*, she could lift 20 pounds occasionally and 10 pounds frequently, and stand/walk/sit for six hours in an eight-hour

workday (Tr. 17). The ALJ concluded that the claimant was not disabled because she could return to her past work as a cashier, fast food manager, and housekeeper (Tr. 20).

## Review

The claimant contends the ALJ erred: (i) by failing to properly evaluate medical opinions from her treating physician Dr. Kenneth Lang, M.D.; (ii) by failing to properly evaluate her credibility; and, (iii) by relying solely on testimony from a vocational expert ("VE") to determine she could return to her past work. The Court finds that the ALJ *did* fail to properly evaluate Dr. Lang's opinion, and the decision of the Commissioner must therefore be reversed and the case remanded for further analysis.

After a long history of complaints of muscle pain and weakness beginning in 2003, (Tr. 122-23, 125, 135, 138, 146, 156, 166-67), the claimant was referred to Dr. Rodney Huddleston of Carl Albert Hospital for further testing and assessment (Tr. 251). In a visit with Dr. Huddleston on November 18, 2005, claimant complained of "aches and pains in the muscles of the legs and upper body" and he noted that claimant had experienced these kinds of muscle pains for the previous two years (Tr. 251). Dr. Huddleston's impression at the time was fibromyalgia, although the claimant did "not exhibit pain on palpation of her muscles over various locations that are fredquently (sic) painful in fibromyalgia" (Tr. 251). After a muscle biopsy and several labs, Dr. Huddleston wrote on July 12, 2006 that he had discussed with claimant the chronic nature of her fibromyalgia (Tr. 259).

At the administrative hearing, the claimant testified that she dealt with constant pain and that she dealt with her pain by lying down throughout the day (Tr. 529). She

stated that the pain related to her fibromyalgia was located in her legs, hands, and feet with the worst pain located in her hands (Tr. 532). She testified that she had numbness in her fingertips and on the top of her hands, and that the numbness was "pretty constant" (Tr. 532). Further, she stated that her hands cramp when she attempts to write, and that she has spasms in her hands, legs, and lower back every day (Tr. 533-35). At her interview with the SSA for her disability report, the SSA interviewer noted that claimant had difficulty walking and that she "rubbed her thighs with the palm of her hands periodically during the interview" (Tr. 63).

The claimant also testified that Dr. Lang began treating her at the Durant Indian Clinic in December 2005 (Tr. 538). He prepared a medical source statement in which he opined that the claimant could lift/carry ten pounds both frequently and occasionally, stand/walk for four hours (but only one hour continuously) and sit for four hours (forty-five minutes continuously) in a normal workday (Tr. 450). Dr. Lang also opined that the claimant would need to lie down intermittently throughout the workday, and that she could climb, balance, stoop, kneel, crouch, and crawl only occasionally (Tr. 451).

Medical opinions from the claimant's treating physician are entitled to controlling weight if "'well-supported by medically acceptable clinical and laboratory diagnostic techniques [and] consistent with other substantial evidence in the record.'" *Langley v. Barnhart,* 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003). When the treating physician's opinions are not entitled to controlling weight, the ALJ must determine what weight to give them by analyzing *all of the factors* set forth in 20 C.F.R. §§ 404.1527, 416.927. *Id.* at 1119 ("Even if a treating

physician's opinion is not entitled to controlling weight, '[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [§§ 404.1527, 416.927].'"), *quoting Watkins,* 350 F.3d at 1300. The factors are: (i) length of the treatment relationship and the frequency of examination; (ii) nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the opinion is supported by relevant evidence; (iv) the consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors tending to support or contradict the opinion. *Watkins,* 350 F.3d at 1300-01, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001). And if the ALJ decides to reject the treating physician's opinions entirely, he must "give specific, legitimate reasons for doing so." *Id.* at 1301. In sum, it must be "clear to any subsequent reviewers the weight the ALJ gave to the treating source's medical opinion and the reasons for that weight." *Id.* at 1300.

The ALJ recited Dr. Lang's opinions about the claimant's functional limitations but determined they were entitled to little weight, reasoning as follows:

> All in all, I find his account of claimant's limitations to be more restricted than what would be expected based upon clinically established pathologies. Therefore, I do not give it controlling weight. I specifically find that the assessment of Dr. Rowland [sic] is unsupported by, and that it is inconsistent with, the credible objective evidence of record, and I decline to give it controlling weight (Exhibit 12F). I do give some weight to his opinion as to the claimant's ability; however, the need to lie down is not supported by the progress notes and there is no objective evidence of impairments likely to limit her to carrying only 10 pounds.

(Tr. 19). Such analysis of Dr. Lang's opinions as to the claimant's functional limitations was legally deficient for several reasons.

First, the ALJ's determination that Dr. Lang's opinions were inconsistent with the "credible objective evidence or record" would justify his refusal to give them controlling weight *only if* the ALJ had specified the inconsistencies to which he was referring. *See, e. g., Langley,* 373 F.3d at 1123 ("Because the ALJ failed to explain or identify what the claimed inconsistencies were between Dr. Williams's opinion and the other substantial evidence in the record, his reasons for rejecting that opinion are not 'sufficiently specific' to enable this court to meaningfully review his findings."), *quoting Watkins,* 350 F.3d at 1300. *See also Wise v. Barnhart,* 129 Fed. Appx. 443, 447 (10th Cir. 2005) ("The ALJ also concluded that Dr. Houston's opinion was 'inconsistent with the credible evidence of record,' but he fails to explain what those inconsistencies are."). Second, even if Dr. Lang's opinions were not entitled to controlling weight, the ALJ should have determined the proper weight to give them by applying *all of the factors* in 20 C.F.R. § 404.1527 and 20 C.F.R. § 416.927. *Langley,* 373 F.3d at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, '[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [§§ 404.1527, 416.927].'"), *quoting Watkins,* 350 F.3d at 1300.

Because the ALJ failed to properly evaluate the opinions of the claimant's treating physician as to her functional limitations, the Commissioner's decision must be reversed and the case remanded for further analysis by the ALJ. On remand, the ALJ should evaluate Dr. Lang's opinions according to the standards set forth above, and if this results

in any changes to the claimant's RFC, re-determine what work she can perform, if any, and ultimately whether she is disabled.

## Conclusion

In summary, the Court finds that correct legal standards were not applied, and that the decision of the Commissioner is therefore not supported by substantial evidence. The Commissioner's decision is accordingly hereby REVERSED and the case REMANDED further proceedings as set forth above.

**DATED** this 30th day of September, 2010.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**